Ben NASH 893984
8301 State road
Phila Pa 19136

U.S.M.S. X-RAY

Office Of The clerk
601 market St
Phia, PA 19106 - 9865

PHILADELPHIA PA 190
29 DEC 2023 PM 10L

RECEIVED JAN 2 2024

19106-172999



IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

BENJAMIN NASH,

        Plaintiff,    :

v.    :    Civil Action No. 2;23-CV-03679-MAK

BRIAN MITCHELL, ET AL.,    :

        Defendants.    :

    _____:

# PLAINTIFF'S SECOND AMENDMENT COMPLAINT UNDER 42 U.S.C. SECTION 1983

## CAUSE OF ACTION

1. This a civil rights action commenced pursuant to 42 U.S.C. section 1983, 28 U.S.C. Sections 1331, 1334 and Forth Amendment to the United States Constitution, asserting deprivation of rights, privileges or immunities secured by the Constitution and other laws. Plaintiff invoked the Court's pendent jurisdiction over the state law claims raised herein. Plaintiff invokes the Courts' pendent jurisdiction pursuant to 28 U.S.C. Section 1367over state law claims, to wit, Aggravated Assault under Pa. C.S.A. Section 2702. Venue is proper pursuant to 28 U.S.C. section 1391 (b).

## PARTIES

2. Plaintiff BENJAMIN NASH is a citizen of the Commonwealth of Pennsylvania and resident thereof at 8301 State Road, Philadelphia County, Pennsylvania.

3. Defendant CITY OF PHILADELPHIA is that executive agency mandated by law to promulgate policies and regulations regarding the management and operations of the Philadelphia Police Department.

4. Defendant BRIAN MITCHELL is employed a Police Officer for the Philadelphia Police Department. As such, he is being sued in his individual and official capacity.

## CLAIMS GIVING RISE TO THIS CIVIL ACTION COMPLAINT

5. Plaintiff Benjamin Nash asserts that on September 10, 2022, he was the victim of a police involved shooting shortly after arriving at his place of business where he suspected a burglary had unfolded at some point immediately prior to his arrival. Plaintiff specifically alleges that as he began to search the interior of the business, which is contained in a garage, he heard what appeared to be potential intruder(s).

6. In response to the cacophony of loud noises emanating from the exterior entrance to the business, plaintiff retrieved a firearm and thereafter proceeded to the front entrance whereupon he discovered a phalanx of police officers, including defendant Mitchell, rapidly converging on the building brandishing their firearms.

7. Immediately upon observing the police with their firearms, plaintiff hastily retreated within the interior of the building with his back now turned towards the converging police officers at which point the police began discharging their weapons, sending a fusillade of projectiles into the walls of the structure striking plaintiff in the buttocks.

10. Again, plaintiff alleges that the defendant engaged in excessive and unjustified use of force by shooting him in the buttock after he promptly lowered his firearm and retreated to the garages' interior, where he was hidden behind a wall, and thereby posing no immediate threat to the approaching police officers.

11. In short, the location of plaintiff's injury amplifies defendant Mitchell's inability to describe any conceivable threat from plaintiff whose body was obviously obscured by a wall while his back was simultaneously turned toward the police officers when he was shot and injured.

12. In the aftermath of the shooting by Defendant Mitchell, plaintiff was arrested on an array of criminal charges, which he asserts were filed in an effort to camouflage defendant Mitchell's excessive use of force against him.

13. Plaintiff further alleges that Defendant Mitchell wanton and reckless application of force caused plaintiff to endure significant injury, pain and emotional distress.

14. Plaintiff claims against the Defendant City of Philadelphia (referred to hereinafter as "the City") arise from an asserted failure-to-supervise, train, or discipline police officers, and thereby amounting to flagrant and reckless indifference to his Constitutional right.

15. Plaintiff specifically asserts that the City suffered from mass training and disciplinary failures in a number of areas which can be attributed to Defendant Mitchell's improper actions and plaintiff ensuing injuries.

16. Thus, for example, the City through its police department chronically failed to implement adequate oversight over the training, discipline and investigation of police officers who were alleged to have been engaged in excessive and improper use of force against mostly impoverished Philadelphia citizens.

17. As a result, many of the City's police officers currently operate in a culture whereby they have adopted the belief that they can continue to use excessive with impunity.

18. Upon information and belief, the City has been the subject of an influx of litigation over its police department's excessive use of force against citizens. Indeed, this Court is respectfully requested to take judicial notice of the widespread media coverage regarding a vast array of incidents involving not only police involved shootings but also excessive and unjustified use of physical force against citizens who engaged in protest involving, ironically, police abuse of its citizens.

**STATEMENT OF CLAIMS FOR RELIEF**

19. Plaintiff respectfully request that this Honorable Court issue:
a) declaratory relief, declaring that the aforementioned claims, taken as a whole, violated plaintiff's rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution and state laws, to wit, Aggravated Assault under Pa. C.S.A. Section 2702,

b) punitive and compensatory damages against the City of Philadelphia and Defendant Mitchell herein in an amount deemed just, appropriate and equitable by the Court,

c) a preliminary and permanent injunction against the defendants which enjoins them from continuing the unconstitutional practices complained of here and

d) trial by jury on all issues so triable.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Respectfully submitted,

_____
Benjamin Nash